UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Mark Wright | Civil Action No. 6:19-1565 |
| versus | Judge Juneau |
| USAA Casualty Ins. Co. | Magistrate Judge Carol B. Whitehurst |

### JURISDICTIONAL REVIEW FINDINGS

This matter was removed from state court by defendant USAA Casualty Insurance Company ("USAA") or "defendant"). Defendant contends that this Court has jurisdiction over this matter because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

The record shall reflect that this Court has conducted a review of the pleadings. The undersigned finds that the parties are diverse in that the plaintiff is a citizen of Louisiana, and the defendant is a nongovernmental corporation organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas. Furthermore, the amount in controversy exceeds the jurisdictional minimum as indicated by the allegations in the plaintiff's Petition. Here, the plaintiff alleges that he was involved in a motor vehicle accident when the vehicle being driven by Mary Stroud, State Farm's insured, struck his vehicle. The plaintiff settled with State Farm for $25,000.00, the policy limits of Ms. Stroud's policy. Because the plaintiff alleges that his damages

exceed $25,000.00, he made a demand upon USAA, his uninsured motorist provider, for $100,000.00. The plaintiff claims injuries to his neck, back, and shoulder, and the medical records provided by the plaintiff to USAA show that he has been diagnosed with multiple disc protrusions and has been recommended for shoulder surgery. In the Notice of Removal, the defendant cites several unpublished Louisiana district court cases wherein plaintiffs with similar injuries recovered more than $75,000.00 *See, e.g., Crawford v. Corrigan*, 2017-03686 (Civil District Court 02/28/19) (awarding $350,000 from left shoulder SLAP tear requiring surgical repair); *Davis v. Allstate Property and Casualty Ins. Co.*, 650,032 (19th JDC 10/22/18) (awarding $200,000 for bilateral shoulder surgery); *Sims v. Ruiz*, 645,329 (19th JDC 03/15/18) (awarding $120,000 for arthroscopic surgery on right shoulder); *Collier v. Benedetto*, 04-1025 (La. App. 5 Cir. 2/15/05), 897 So. 2d 775 (holding that general damages award of $75,000 was the lowest award that was reasonably within trial court's discretion for plaintiff who sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5-C6, and cervical and lumbar muscle strains).[1]

The record further reflects that USAA UM policy limits are $300,000 per person/$500,000 per accident. To date, USAA has paid the plaintiff $30,426.00

---

[1] No Westlaw citations are available for these cases.

under the UM policy limits, therefore, $269,574.00 remains on the policy (under the per person limits) and is potentially recoverable by the plaintiff.

The plaintiff also seeks so-called "bad faith" penalties under Louisiana Revised Statute 22:1892. The penalty amounts are considered in determining the amount in controversy. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), *Smith v. Geico Indem. Co.*, No. 14-1150, 2014 WL 4540070, at *2 (E.D. La. 2014); *Foret v. So. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). A violation of La. Rev. Stat. 22:1892 "***shall*** subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured." La. R.S. 22:1892(B)(1) (emphasis added). La. Rev. Stat. 22:1973 provides for even greater penalties than 22:1892: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).

Considering the foregoing, the undersigned concludes the amount in controversy is satisfied in this case.

Thus done and signed this 11th day of June, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE